LEMMON, Judge.
Phillip C. Sizemore appealed from a judgment which maintained an exception of no cause of action filed by Dr. Charles B. Odom, the Coroner of Jefferson Parish, and dismissed his suit against Dr. Odom.
According to the petition, Sizemore’s mother was admitted to West Jefferson General Hospital for medical evaluation on January 21, 1970. She died on February 3, 1970, and an autopsy was performed the following day.
The autopsy report listed “toxic necrosis of liver (etiology unknown pending toxicology and microscopic)” as the immediate cause of death and underlying illness. However, the pathologist noted on the report “brain, liver, kidney and stomach saved for heavy metals and phosphates.”
Over the next several months Sizemore’s attorney wrote several letters to the Coroner, requesting that he be furnished with copies of the toxicology and microscopic reports. On January 11, 1971 the attorney was furnished a laboratory report (dated April 21, 1970), which indicated that a chemical analysis of the liver was negative for heavy materials and phosphorus. No reference was made to analyses of other organs.
Sizemore than filed a damage suit against the hospital and its insurer, alleging that his mother’s death resulted from “a negligent act or acts by defendant West Jefferson General Hospital”. The doctrine of res ipsa loquitur was specifically pleaded.
Alternatively, Sizemore impleaded Dr. Odom, his bonding company and his medical liability insurer. The petition stated:
“. . . that if it is shown that the death of the deceased did not result from the negligence of West Jefferson General Hospital, then petitioner wishes a judgment against the Coroner of Jefferson Parish and his bonding company, because of the negligence of that official in not providing the requested material within a reasonable time within one year of the death of the deceased; and this judgment should be for all fees and costs expended by petitioner in that suit, the amount to be set by the Court.”
The petition ended with the alternative prayer that if the court found that Mrs. Sizemore died of natural causes, Dr. Odom should be held responsible for the repayment of all fees and costs expended in the suit.
The exception of no cause of action urged that the facts alleged disclosed no actionable negligence and that the Coroner’s only applicable statutory duty, to make public a proces verbal of the autopsy, was complied with by him.
On an exception of no cause of action, the allegations of fact contained in the petition are considered to be true. Thus we must deem a proved fact in this case the allegation that the Coroner did not furnish directly to Sizemore’s attorney copies of the toxicology and microscopic report until more than eleven months after the death and that the report then furnished provided only a chemical analysis of the liver.
The duties of the coroner are included in the general statutory provisions regarding *802 that office, R.S. 33:1551 et seq. The coroner is required to view the body or to make an investigation in certain cases, primarily where there is a death due to violence, accident, criminal means or contagious disease, or a death under suspicious circumstances or without medical attendance. He is also authorized to perform an autopsy or to have one performed. Based on the examination, investigation or autopsy, he must furnish a. death certificate, in which he must state as best he can the cause and means of death and must also state if the death appears to be from accident, suicide or homicide. R.S. 33:1561. If no autopsy is held, he must certify that he has viewed the body and made inquiry respecting the death and that he is satisfied that no guilt attaches to any party. R.S. 33:1562. Where an autopsy is made, he must furnish a proces verbal of the proceedings to the clerk of court, who must maintain a “book of autopsies” open to the public. R.S. 33:1565.
Thus the Coroner’s primary duty is to determine the possibility of violations of criminal law or of the existence of public health hazards in certain cases of death. However, this official owes no duty to this particular plaintiff to assist him in a malpractice claim against a hospital.
The documents attached to Size-more’s petition indicate that the Coroner in fact performed his statutory duties, and there is no allegation that these documents were not available in the public records. The only complaint is that they were not furnished directly to Sizemore and that the analyses were incomplete for his purposes. But there was nothing to prevent Sizemore from obtaining any information he desired from private medical sources after the body was turned over to him immediately following the autopsy or from filing a mandamus action against the Coroner to perform or to complete any statutory duty.
We conclude that the facts stated in the petition do not give rise to any cause of action for which the requested relief can be granted.
Accordingly, the judgment is affirmed.
Affirmed.