KLIEBERT, Judge.
This action is brought by plaintiffs-appellants, David W. Kuebler and Professional Planners, Inc., who allege they were victims of a criminal “Ponzi” and “Check Kiting Scheme”[1] perpetrated by Lynn Paul Martin (“Martin”).[2] The petitions, as amended, urge claims against Martin individually and d/b/a L.P.M. Enterprises, the Estate of Michael B. Palmer (“Palmer”), E. Eugene Gilbert, III, the Bank of LaPlace (“BOL”) and Metairie Bank (and Trust Co.) (“MB & T”). Insofar as the claims against the banks are concerned, three theories for recovery are urged: (1) negligence, (2) violation of the Louisiana Securities Act, R.S. 51:701 et seq., and (3) violation of the Louisiana Unfair Trade Practices and Consumer Protection Act, R.S. 51:1401 et seq. Plaintiffs appeal the trial court’s initial judgment of June 29, 1990 and amended judgment of July 10, 1990 (collectively “the judgment”) dismissing the claims against BOL and MB & T on exceptions of no cause of action.
The June 29, 1990 judgment was amended to grant Palmer’s motion for summary judgment, thus dismissing the plaintiffs’ security law claims against the Palmer estate.[3]
Liability was sought to be imposed on BOL and MB & T here upon essentially the same alleged acts and omissions of the banks in the Austin case. Additionally, here it was argued Martin used his account at MB & T, where Kuebler also had an account, to conduct a check kiting scheme to increase deposits in his account with BOL. Moreover, the security law claims against Palmer, which were dismissed, were also predicated on similar allegations and arguments as the security law claims against the banks.
*77 Since our reasons for affirming the judgment in this case are the same as that expressed in the opinion rendered today in Autin v. Martin, 576 So.2d 71 we adopt its reasoning as the basis for our maintaining both banks’ exceptions of no cause of action and Palmer's motion for summary dismissal. All costs are to be borne by appellants.
AFFIRMED

. A “Ponzi” or "pyramid” scheme is one in which the money entrusted to the perpetrator is never invested in any legitimate for-profit venture, but rather, the money is distributed back to the victims with the fraudulent representation that the returns are profits when in fact the money returned is a portion of the capital originally transferred.

. On or about April 26, 1988, Martin apparently confessed to federal authorities with regard to the scheme and is currently serving a fifteen (15) year prison sentence.

. Counsel for the Estate of Michael B. Palmer filed a motion for summary judgment to dismiss the claims against Palmer based on Louisiana Security laws. BOL’s and MB & T’s exceptions of no cause of action filed in this suit and in the Autin suit were heard at the same time. The trial judge took Palmer's motion under advisement on January 3, 1990. In a judgment dated June 29, 1990 (rendered erroneously as though this suit and the Autin suit had been consolidated) the trial judge maintained BOL’s and MB & T’s exceptions of no cause of action in both suits and thereafter amended the judgment on July 10, 1990 granting Palmer’s motion to dismiss the security law claim against it.