578 So.2d 113 (1991)
David W. KUEBLER and Professional Planners, Inc.
v.
Lynn Paul MARTIN, Individually and d/b/a L.P.M. Enterprises, Inc., et al.
No. 91-C-0600.
Supreme Court of Louisiana.
April 11, 1991.
*114 PER CURIAM.
Granted in part; denied in part.
In this action plaintiffs, David W. Keubler and Professional Planners, Inc., allege that they were victims of a criminal "ponzi" and "check kiting" scheme perpetrated by Lynn Paul Martin. Metairie Bank and Trust Company (hereinafter "Metairie Bank") was named as one of the defendants in the suit. The trial court granted Metairie Bank's peremptory exception of no cause of action. The court of appeal affirmed. 576 So.2d 75. We reverse the portion of the court of appeal judgment that affirmed the trial court's granting of Metairie Bank's exception of no cause of action.
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La.C.C.P. art. 865. Teachers' Retirement System v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Teachers' Retirement System v. Louisiana State Employees' Retirement System, supra; Henson v. St. Paul Fire and Marine Insurance Co., 363 So.2d 711 (La.1978). The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971).
In the present action, plaintiffs allege that Alan Sheppard was an officer of Metairie Bank; the details of Martin's scheme were disclosed to Metairie Bank through Sheppard; based on these representations, and without exercising due diligence, Metairie Bank encouraged plaintiffs to invest in Martin's scheme; and Metairie Bank granted loans to plaintiffs for the purpose of investing in Martin's scheme. In asserting these allegations, plaintiffs have stated a cause of action against Metairie Bank.
*115 For the reasons assigned, the portion of the judgment of the court of appeals that maintained Metairie Bank and Trust Company's exception of no cause of action is reversed, the exception of no cause of action is overruled insofar as it affects Metairie Bank, and the case is remanded to the trial court for further proceedings consistent with this opinion; otherwise, the writ is denied.