591 So.2d 1278 (1991)
SEVARG CO., INC., Plaintiff-Appellant,
v.
ENERGY DRILLING CO., Defendant-Appellee.
No. 90-668.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
Rehearing Denied January 29, 1992.
Writ Denied April 3, 1992.
*1279 Liskow & Lewis, Joseph C. Giglio, Lafayette, for plaintiff-appellant.
Gold, Weems, Bruser, Sues & Rundell, Dee D. Drell, Alexandria, for defendant-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Sevarg Co., Inc., as operator, entered into a contract with Energy Drilling Co., as contractor, for Energy to drill an oil well for Sevarg in Rapides Parish. The well was not a success. Sevarg filed suit against Energy for damages based on a breach of contract. Sevarg alleged in its petition that the breach was the failure to comply with the mud control program specified in the contract. The contract was attached to the petition. Sevarg alleged that the failure to comply with the terms of the contract resulted in skin damage, which in turn inhibited production. Sevarg alleged that Energy intentionally maintained deficient mud properties in order to accelerate the drilling process and to save money for itself. Sevarg further alleged that the skin damage was caused by the defendant through its intentional and bad faith breach of the contract. Damages were itemized: (a) the price paid under the contract, $193,100; (b) the costs of completing, equipping, operating, reworking the well and attempting to remedy the defective performance, $400,000 +; and (c) the lost production income and profits, $325,000 +.
The written contract contained certain indemnity obligations. Energy filed an exception of no cause of action grounded on *1280 these obligations in the contract. The trial judge partially maintained the exception by ordering the last two items of damages stricken from the petition, overruling the exception as to Item (a) of damages, the claim for $193,100 for the return of the price paid under the contract.
Sevarg appealed. We reverse the judgment which partially maintained the exception of no cause of action, and overrule the exception in its entirety.
Energy also filed an exception of no right of action in the trial court. That exception was overruled. By answer to the appeal, Energy appealed the overruling of its exception of no right of action, as well as the trial court's decision overruling the exception of no cause of action as to Item (a) of damages. We dismiss Energy's answer to the appeal. The rulings appealed by Energy were interlocutory and are not appealable. La.C.C.P. art. 2083; Bank of Jena v. Clark, 452 So.2d 428 (La.App. 3rd Cir.), writ denied, 458 So.2d 476 (La.1984).

EXCEPTION OF NO CAUSE OF ACTION
Although the trial court did not give reasons for judgment, its apparent reason for partially maintaining the exception of no cause of action was the asserted ground for that exception: Energy based its exception on the ground that Sevarg had agreed to indemnify it for liability for the very damages claimed in this lawsuit. Energy argued that because the indemnity agreement was contained in the contract, and because the contract was attached to the petition, on the face of the papers the plaintiff did not have a cause of action for the damages itemized as (b) and (c), above.
The sections of the contract said to preclude a cause of action were 18.8, 18.14, and 18.15. These sections read as follows:
18.8 Underground Damage: Operator agrees to defend and indemnify Contractor for any and all claims against Contractor resulting from operations under this Contract on account of injury to, destruction of, or loss or impairment of any property right in or to oil, gas, or other mineral substance or water, if at the time of the act or omission causing such injury, destruction, loss, or impairment, said substance had not been reduced to physical possession above the surface of the earth, and for any loss or damage to any formation, strata, or reservoir beneath the surface of the earth.
18.14 Consequential Damages: Neither party shall be liable to the other for special, indirect or consequential damages resulting from or arising out of this Contract, including, without limitation, loss of profit or business interruptions, however same may be caused.
18.15 Indemnity Obligation: Except as otherwise expressly limited herein, it is the intent of parties hereto that all indemnity obligations and/or liabilities assumed by such parties under terms of this Contract, including without limitation, paragraphs 18.1 through 18.14 hereof, be without limit and without regard to the cause or causes thereof (including pre-existing conditions), the unseaworthiness of any vessel or vessels, strict liability, or the negligence of any party or parties, whether such negligence be sole, joint or concurrent, active or passive. The terms and provisions of paragraphs 18.1 through 18.14 shall have no application to claims or causes of action asserted against Operator or Contractor by reason of any agreement of indemnity with a person or entity not a party hereto.
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Kuebler v. Martin, 578 So.2d 113 (La.1991). When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Id. The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the *1281 papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. Id.
The general rule is that where a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of action should be denied. Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3rd Cir.1990). The only exception to this rule that has been recognized is when separate and distinct causes of action are included in one petition. Id.
Sevarg's petition clearly set forth a cause of action for breach of contract. The three items of damage stated were the alleged elements of damages suffered as a result of the breach. Sevarg alleged the existence of a contract, attaching it to the petition. Sevarg alleged a breach, specifically that the mud weight and water loss rates were maintained at unacceptable levels. Sevarg alleged damages as a result of the breach, particularizing the damages.
In addition, Sevarg alleged that Energy's breach was intentional or was the result of gross fault. Malice, intent, knowledge and other conditions of mind of a person may be alleged generally. LSA-C.C.P. art. 856; Zeagler v. Town of Jena, 503 So.2d 1137 (La.App. 3rd Cir.1987). Therefore, Sevarg's allegation that Energy's breach relative to the mud supply program was intentional sets forth a well-pleaded fact, as is the allegation that the breach was the result of Energy's gross fault. Gross fault is defined as "that which proceeds from inexcusable negligence or ignorance; it is considered as nearly equal to fraud." LSA-C.C. art. 3556(13). The petition's allegations must be accepted as true when ruling on an exception of no cause of action.
Finally, Energy cannot interpose the indemnity provisions of the contract as effectively canceling Sevarg's cause of action. Sections 18.8, 18.14, and 18.15 of the contract, given the interpretation espoused by Energy, are null, because they, in advance, exclude or limit the liability of Energy for intentional or gross fault that causes damage to Sevarg. La.C.C. art. 2004 provides in part:
"Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party."
Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991).
For the foregoing reasons, the judgment of the trial court is reversed, and the exception of no cause of action is overruled, at Energy's costs.
REVERSED.