PITCHER, Judge.
Perry and Linda LeJeune (plaintiffs) appeal from the trial court judgment which sustained the peremptory exception of no cause of action filed by defendant, Dr. Edwin Walker, in his capacity as Coroner of the Parish of Livingston, and dismissed plaintiffs’ suit against Dr. Walker.

FACTS

On Saturday, July 27, 1991, at approximately 11:30 p.m., the plaintiffs’ 16-year-old daughter, Courtney LeJeune, was fatally injured in a one-car automobile accident. Courtney LeJeune was riding as a passenger in a Nissan pick-up truck with her boyfriend, Jason E. Causey, when he failed to negotiate a curve on Highway 16 in Port Vincent, Louisiana.
At approximately 2:30 a.m., two police officers informed plaintiffs that they had reason to believe that plaintiffs’ daughter had been killed in an automobile accident. The officers were not sure that the victim, who was taken to Seale Funeral Home, was plaintiffs’ daughter because the body had only a single piece of identification on it.
Plaintiffs immediately drove to the funeral home to determine if, in fact, the victim was their daughter. However, when they arrived at the funeral home, no one was there and the doors were locked. It was not until 6:00 a.m. that morning that the plaintiffs were able to contact someone at the funeral home. At that time, the embalmer informed them that they were waiting for the coroner to arrive and requested plaintiffs’ permission to proceed with embalming the body.
At 5:00 p.m. that same day, the plaintiffs viewed and identified their daughter’s body. After plaintiffs identified Courtney Le-Jeune’s body, they were given a death certificate. The death certificate stated only that Courtney LeJeune died from a closed head injury as a result of an automobile accident and that the accident had been investigated. Plaintiffs received no other explanation regarding the accident. An autopsy was not performed.
Desiring to know more about the circumstances surrounding their daughter’s death, plaintiffs contacted the coroner’s office. The coroner’s office informed plaintiffs that they were not entitled to the information sought and denied them access to any information concerning the coroner’s investigation into Courtney LeJeune’s death.
Plaintiffs thereafter obtained legal counsel. After counsel was also unsuccessful in obtaining information from the coroner’s office, plaintiffs, on March 11,1992, filed an original petition for damages, joining Dr. Walker as a defendant in his official capacity as coroner.[1] Plaintiffs later filed an amended petition on May 26, 1992.
In defense of the action, Dr. Walker filed a peremptory exception pleading the objection of no cause of action. By judgment dated October 13, 1992, the trial court maintained the exception and dismissed the action as to Dr. Walker in his official capacity as coroner.[2] Plaintiffs appealed this adverse judg *36 ment and set forth the following assignment of error:
The trial court erred as a matter of law in granting Defendant/Appellee’s exception of no cause of action, finding that the Defendant/Appellee, in his capacity as Coroner of the Parish of Livingston, Louisiana, was not legally liable for his breach of the statutory duty to investigate into the cause of death of Plaintiff/Appellant’s daughter, the victim of [an] apparent vehicular homicide.

PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION

The peremptory exception of no cause of action is a procedural device used to determine the sufficiency in law of the petition. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). The exception of no cause of action tests whether, under the allegations of the petition, the law affords the plaintiff any remedy for the grievance asserted and is triable on the face of the pleadings. LSA-C.C.P. art. 931; Bellah v. State Farm Fire And Casualty Ins. Co., 546 So.2d 601, 603 (La.App. 3rd Cir.1989); Kuebler v. Martin, 578 So.2d at 114; Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990). For purposes of determining the issues raised by the exception of no cause of action, the well-pleaded facts in the petition and any annexed documents must be accepted as true. Kuebler v. Martin, 578 So.2d at 114. In ruling on the exception of no cause of action, the court must accept all allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence admissible under the pleadings. Ward v. Tenneco Oil Company, 564 So.2d at 820. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. However, if the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Bellah v. State Farm Fire And Casualty Ins. Co., 546 So.2d at 603.
In the instant case, the plaintiffs’ asserted right to recover damages is predicated upon allegations in the petition that Dr. Walker was negligent in his official capacity as coroner in that he failed to immediately send someone from the coroner’s office to the accident site to investigate the circumstances surrounding the death or cause of death of Courtney LeJeune, failed to pronounce Courtney LeJeune dead, and failed to perform an autopsy on the body, all in violation of a statutorily imposed duty to do so under LSA-R.S. 33:1551 et seq. The petition further alleged that Dr. Walker negligently failed to provide the plaintiffs with any information concerning the circumstances surrounding the death or cause of death of Courtney LeJeune.[3] The petition further alleged that as a result of Dr. Walker’s negligence, plaintiffs will incur expenses to have Courtney LeJeune’s body exhumed in order to have an autopsy performed.
Dr. Walker filed a peremptory exception of no cause of action pleading the objection of no cause of action. The exception of no cause of action urged that the petition failed to state a cause of action against Dr. Walker, insofar as it sought to hold him liable for actions or inactions in his capacity as the Coroner of the Parish of Livingston, and that the allegations, even if true, failed to constitute a breach of said duties and responsibilities.

CORONER’S DUTIES

LSA-R.S. 33:1551 et seq. set forth the coroner’s duties and responsibilities. Pursuant to statutory mandate, the coroner is required to either view the body or make an investigation into the cause and manner of death in certain cases, primarily where the *37 death results from violence, accident, criminal means or virulent contagious disease, including AIDS, or occurs under suspicious circumstances or without medical attendance. LSA-R.S. 33:1563 A. The coroner may perform or cause to be performed by a competent physician an autopsy in any case in his discretion. LSA-R.S. 33:1563 B(l). However, where there is a reasonable probability that the violation of a criminal statute contributed to the death, an autopsy must be performed. LSA-R.S. 33:1563 B(l). The coroner must furnish a death certificate based on his examination, investigation or autopsy, in which he states as best he can the cause and means of death and whether the death appears to be from accident, suicide or homicide. LSA-R.S. 33:1563 E(l)(2).
Under this legislative scheme, the coroner’s primary duty is to determine the possibility of violations of criminal law or of the existence of public health hazards in certain eases of death. Sizemore v. West Jefferson General Hospital, 260 So.2d 800, 802 (La.App. 4th Cir.1972); See LSA-C.Cr.P. arts. 101-106. In Mullins v. State, 387 So.2d 1151, 1152-1153 (La.1980), the Louisiana Supreme Court observed, “The nature of the coroner’s office has changed profoundly since its inception in the twelfth century. The office was initially established to safeguard ‘the pecuniary interests of the crown ... arising from the administration of criminal justice’.”
The coroner’s office in Louisiana continues to perform state functions, despite a lessening of the coroner’s significance as an instrument of the judiciary. Mullins v. State, 387 So.2d at 1153. In this regard, the duty statutorily imposed upon the coroner is for the benefit of the sovereign, and not the private individual or the individual’s private interests. See Gavagan v. Marshall, 160 Fla. 154, 33 So.2d 862, 867 (Fla.1948). Therefore, it follows, for example, that the coroner is required to perform an autopsy in certain cases not for private interests, but rather for the welfare of society and in the interest of public justice.

CONCLUSION

Accepting as true the petition’s factual allegations, we find for the foregoing reasons that the facts stated in plaintiffs’ petition do not give rise to any cause of action against Dr. Walker, in his official capacity as the Coroner of the Parish of Livingston, for which the law provides a remedy. Accordingly, the judgment of the trial court maintaining the exception of no cause of action is affirmed. Costs of this appeal are assessed to plaintiffs.
AFFIRMED.
PARRO, J., concurs in result.

. The petition named several other defendants, including Jason E. Causey; however, they are not parties to the present appeal.

. This case was originally assigned to the Honorable Edward B. Dufreche.

. The petition further alleged that the accident and Courtney LeJeune's death was proximately caused by the negligence of defendant, Jason E. Causey, described particularly as driving while intoxicated, driving at an excessive rate of speed, failing to maintain control of his vehicle, operating his vehicle in a careless and reckless manner, failing to see what he could and should have seen, and other negligent acts to be proven at a trial on the merits.
Plaintiffs' brief to this court alleged that Cau-sey was thereafter arrested and charged with vehicular homicide and driving while intoxicated pursuant to LSA-R.S. 14:32.1 and LSA-R.S. 14:98, respectively. The record does not support these allegations.