liWICKER, Judge.
This appeal arises from one of three consolidated class action petitions for alleged injuries from an explosion occurring when a new gas line was being laid. Only one of these three consolidated cases is on appeal. The sole issue on appeal is whether Planet Indemnity Company of Denver Colorado (Planet) has a duty to defend its insured, third-party defendant On and Offshore Quality Control Specialists (Quality). Planet filed an exception styled, “No Right And/Or No Cause of Action” alleging: (1) the insurance was one of indemnification and not liability, and (2) the amendatory endorsement to the policy clearly stated it had the right but not the duty to defend. The trial judge granted the exception. Quality now appeals. We affirm.
We have held in Franks v. Royal Oldsmobile Company, Inc., 605 So.2d 633, 634 (La. App. 5th Cir.1992):
There is no single exception of no right and/or no cause of action. They are separate and distinct exceptions, each serving a particular purpose, with different procedural rules. Morton v. Washington Nat. Ins. Co.„ 420 So.2d 1019 (La.App. 5th Cir. 1982). The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition, while the exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff. Morton, supra.
Additionally, the Supreme Court has explained in Everything on Wheels v. Subaru South, 616 So.2d 1234, 1235 (La.1993):
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), No ^evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, 578 So.2d 113 (La.1991).
Quality’s well-pleaded allegations, which are accepted as true for the purpose of the exception of no cause of action, do state a cause of action regarding Planet’s duty to defend. However, the insurance policy was introduced for the purpose of showing there was no duty to defend. The exception raised is more properly the exception of no right of action for which evidence may be introduced.. Everything on Wheels, supra.
Petitioners filed suit against United Gas Pipeline Company, Woodson Construction Co., Inc., Black Stallion, Inc., and B & G Crane Service, Inc. United Gas Pipeline Company and Woodson Construction Co., Inc. filed a third party demand against Quality. They allege Quality
“was hired by United to provide supervision and inspection services in connection with the construction, building and alteration of the pipeline which forms the basis of the ... litigation.”
They further allege Quality failed in its duty and violated contractual provisions. They seek damages from Quality should they be cast in judgment.
Quality filed a third party demand against Planet alleging Planet has refused to provide coverage or a defense as required under the policy of insurance. The trial judge concluded there was no prohibition in Louisiana against an indemnity policy and that the amendatory endorsement eliminating the duty to defend was not ambiguous. We agree.
On appeal Quality specifies the following errors:
1. The trial court erred in finding that “indemnity only” insurance policies are permitted in Louisiana in claims involving personal injury or property damage, and
2. The trial court erred in finding that the insurance policies at issue are indemnity only policies of insurance.
*411 Quality contends the policy construed as a whole is ambiguous. We find no ambiguity. The policy was originally issued as a “Commercial General Liability Policy” with the following language:
The provisions of this policy may be changed or amended by endorsements hereto.
The policy was amended to change Section 1(a). That section formerly provided a duty to defend as follows:
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which this insurance applies. We will have the right and duty to defend any suit seeking those damages. We may at our discretion investigate any “occurrence” and settle any claim or “suit” that may result. But:
(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and
(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payments of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS-COVERAGES A AND B.
The amendatory endorsement now provides:
A. Item 1. Insuring Agreement paragraph a. is deleted and replaced by the following:
a. We will indemnify you for those sums that you become legally obligated to pay and shall have paid as damages because of bodily injury or property damage to which this insurance applies. We will have the right but not the duty or obligation to defend any suit seeking those damages. We 14may at our discretion investigate any occurrence and settle any claim suit that may result. But:
(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and
(2) Our right to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS-COVERAGES A AND B.
The amendatory endorsement clearly changes the policy from a liability policy to an indemnity policy and eliminates the duty to defend. We are not persuaded by appellant’s argument that the endorsement only applies to oil and gas production and transportation. We find no such restrictive application in the policy. The amendment is styled, “COMMERCIAL LIABILITY INSURANCE OIL INDUSTRY AMENDATO-RY ENDORSEMENT.” There is no language in the amendment limiting its application to oil and gas production and transportation. Additionally, the amendment clearly deletes the former section in the policy.
In Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La.1987), answer to certified question conformed to, 817 F.2d 275,1988 A.M.C. 1214 (5th Cir.1987), the Supreme Court explained:
An indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy. A cause of action under a liability insurance policy accrues when the liability attaches. Appel-man, Insurance Law and Practice (Buckley ed.) Sec. 4261. However, an insurer’s duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy. American Home Assurance Co. v. Czamiecki, [255 La. 251, 230 So.2d 253 (1969) ]; Appelman, Insurance Law and Practice (Berdal ed.) Sec. 4683.01. On the other hand, an indemnity agreement does not render the indemnitor liable until the indemnitee actually makes payment or sustains loss. BLACK’S LAW DICTIONARY 692-93 *412 (5th ed. 1979); Appelman, Insurance Law and Practice (Buckley ed.) Secs. |54261, 6668. Therefore, a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid [footnote omitted].
Accord Quinlan v. Liberty Bank and Trust Co., 575 So.2d 336, 348 (La.1991 on rehearing ).
Appellant further argues the Supreme Court has held that indemnity policies are prohibited in cases of bodily injury and property damage. It relies on Black v. First City Bank, 94-0423 (La. 9/6/94); 642 So.2d 151. In Black the Supreme Court framed the issue at 152 as follows:
The issue is whether LSA-R.S. 22:655 [the direct action statute] allows plaintiff Black a direct action against the insurer of the insolvent defendant, First City Bank, on a forgery and conversion claim.
The policy provided that “No action or proceeding shall be brought ... by anyone other than the insured.” Id. at 153. The court held “Direct action statutes are remedial legislation and void no action clauses but do not otherwise alter insurer’s liabilities.” Id. at 153.
The Supreme Court held the no action clause was Void. It viewed the indemnity policy at issue as a “liability” policy for the purposes of the direct action statute. La. R.S. 22:655(A) provides in part:
No policy or contract of liability shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency in bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy ...
The court noted that only “liability” insurance is defined in The Louisiana Insurance Code; there is no definition for “indemnity” insurance. It explained at 154:
There is no indication that the Louisiana Insurance Code uses the term liability insurance in a narrow sense. On the contrary, the absence of a definition for indemnity insurance indicates that the term is used in a broad sense. The Bank’s insurance policy is a liability policy which covers Black’s Article 2315 tort claim.
|6The Black court did not prohibit indemnity policies. Instead, it held no action clauses to be prohibited in cases involving tort claimants trying to sue insolvent insurers. Black is inapposite since the instant case involves the indemnity contract and the deletion of the duty to defend between an insured and its insurer. The Black court further held that while no action clauses are void the direct action statutes “do not otherwise alter insurer’s liabilities.” Id. at 153.
Accordingly, for the reasons stated, the judgment sustaining the exception of no right of action is affirmed at appellant’s cost.

AFFIRMED.