EDWIN A. LOMBARD, Judge.
This appeal is from a trial court judgment granting the appellee’s exception of no cause of action and dismissing the appellant’s petition. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

In 2004, the Louisiana State Racing Commission (“the Racing Commission”) granted a license to the Old Evangeline Downs, L.L.C., (“Evangeline Downs”), a licensed racetrack located in St. Landry Parish, to operate an offtrack pari-mutual betting facility (“OTB”) in Henderson, Louisiana, which is located in St. Martin Parish. Shortly thereafter, a party affiliated with a truckstop video poker casino in St. Martin Parish[1] sought an injunction to prevent Evangeline Downs from offering video poker at its Henderson facility, arguing that although Evangeline Downs operated a facility in St. Martin Parish which offered both video poker and offtrack betting prior to 1996, neither that facility or any other facility that offered both video poker and offtrack betting existed in St. Martin Parish contemporaneously with the date 1996 that the amendment to La. Const. Art. XII, § 6 became effective and therefore another referendum in St. Martin Parish was necessary before such a facility could be licensed and authorized in St. Martin Parish. The trial court initially granted injunctive relief but the Third Circuit, explicitly rejecting the plaintiffs interpretation of the La. Const, art. XII, § 6, reversed the trial court and dismissed the plaintiffs petition. See Michael A. Castille v. Old Evangeline Downs, L.L.C, 2005-1251 (La.App. 3 Cir. 4/05/06), 927 So.2d 598. Six weeks later, on August 3, 2006, Marjorie Garza, a resident of St. Martin Parish[2], filed this lawsuit in Orleans Parish[3] against the Racing Commission and Evangeline Downs, seeking to have the license withdrawn based on the same argument rejected by the Third Circuit, i.e., although an OTB existed in St. Martin Parish prior to 1996, because there was no OTB in existence in St. Martin Parish contemporaneously with the date in 1996 that the amendment to La. Const. Art. XII, § 6 became effective, it was error to grant the license prior to conducting another referendum on the issue in St. Martin Parish.
On August 30, 2006, Evangeline Downs filed its peremptory exceptions, including the exception of no cause of action underlying this appeal, affirmative defenses, answer, and request that the exceptions be set for hearing. In addition, an answer and peremptory exceptions were filed by the Racing Commission on August 28, 2006, and a petition in intervention and memorandum in support of Evangeline Downs’ exceptions was filed by the Louisiana Horsemen’s Benevolent and Protective Association (“the Horsemen’s Association”) on November 8, 2006.
After a hearing on the exception held on November 17, 2006, the trial court signed a judgment[4] on December 7, 2006, granting *1285 Evangeline Downs’ exception of no cause of action and dismissing Ms. Garza’s petition.
Ms. Garza filed a timely motion for a devolutive appeal.

Discussion

“The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issue raised by this exception, the well-pleaded facts in the petition and any annexed documents must be accepted as true.” Kuebler v. Martin, 578 So.2d 113, 114 (La.1991) (citations omitted).
In this appeal, the plaintiff contends that she stated sufficient law and facts in her petition to state a cause of action that the Racing Commission violated La. Const. Art. XII, § 6(C) in issuing the license for an OTB to Evangeline Downs without the requisite referendum in St. Martin Parish. However, the plaintiff does not dispute that the voters of St. Martin Parish approved the establishment of an OTB in a special election held on October 7, 1989, or that Evangeline Downs operated such a facility in Stephensville, St. Martin Parish, Louisiana, from September 1993 until December 1995. Rather, she argues — as did the plaintiff in Cast-oille — that because no OTB existed in St. Martin Parish on October 15, 1996, the date La. Const, art. XII, § 6(C)(1) became effective, the voters of St. Martin Parish must once again approve the establishment of offtrack wagering facilities in St. Martin Parish before the Racing Commission can issue a license for an OTB in St. Martin Parish.
In 1996, Article 12, 6 of the Louisiana Constitution, was amended to add paragraphs (C)(1)(a) and (b), which provides as follows:
(C) Gaming, Gambling, or Wagering Referendum Elections. (l)(a) No law authorizing a new form of gaming, gambling, or wagering not specifically authorized by law prior to the effective date of this Paragraph shall be effective nor shall such gaming, gambling, or wagering be licensed or permitted to be conducted in a parish unless a referendum election in a proposition to allow such gaming, gambling, or wagering is held in the parish and the proposition is approved by a majority of those voting thereon.
(b) No form of gaming, gambling, or wagering authorized by law on the effective date hereof shall be licensed or permitted to be conducted in a parish in which it was not heretofore being conducted, except licensed charitable gaming which may be conducted in any parish provided it is conducted in compliance with the law, pursuant to state license or permit unless a referendum election on a proposition to allow such gaming, gambling, or wagering is held in the parish and the proposition is approved by a majority of those voting thereon.
La. Const, art. § XII, 6(C)(1)(a) (emphasis added).
The plaintiffs argument, while perhaps creative in its first incarnation, is without merit. We adopt the analysis of the Third Circuit in Castille and find that the term “heretofore” should be interpreted to mean “on or before” the date the amendment became effective. Castille, 2005-1251, pp. 5-8, 927 So.2d at 601-603. Ac *1286 cordingly, we find no error in the trial court’s judgment granting the appellee’s exception of no cause of action and dismissing the appellant’s petition.

Conclusion

The judgment of the trial court is affirmed.
AFFIRMED.

. According to the brief filed by counsel for Evangeline Downs, the plaintiff in this case was an employee at a St. Martin truckstop, but the Third Circuit indicates that the plaintiff was the owner of the truckstop. See Cas-tille, 2005-1251, p. 2, 927 So.2d at 600.

. Ms. Garza is employed by Atchafalaya Gold, a truck stop video poker casino in Henderson, Louisiana, and filed this lawsuit at the request and expense of her employer.

. Pursuant to La.Rev.Stat. 4:145.1, the Racing Commission may be sued only in the city of New Orleans, Parish of Orleans.

. Although the appellant submits a portion of the hearing transcript wherein the trial judge instructed counsel for the appellee to ''[g]ive *1285 me proposed reasons, and I’ll sign them,” the record contains neither reasons for judgment nor a transcript of the hearing.