NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-134

DAVID EUGENE GARCIA
VERSUS
MICHELLE RUSHING GARCIA

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-2846
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

Gremillion, J., dissents and assigns written reaons.

APPEAL CONVERTED TO MOTION TO REMAND UNLODGEDAPPEAL.
MOTION DENIED.

Susan L. Theall
The Theall Firm LLC
1304 Lafayette Street
Lafayette, LA 70501
(337) 264-9000
FOR PLAINTIFF:
David Eugene Garcia

Michelle Rushing Garcia
212 Vivian Drive
Lafayette, LA 70508
(337) 212-6834
FOR DEFENDANT:
In Proper Person

**Pickett**, **Judge**.

The plaintiff, David Eugene Garcia, moves to have this case remanded to the trial court so that Garcia may have a chance to traverse the right of the defendant, Michelle Rushing Garcia, to proceed in *forma pauperis*. For the reasons assigned below, we deny the plaintiff's motion.

This is a custody matter in which judgment was rendered in open court on November 16, 2009. The designated record does not indicate the date on which a final, written judgment was signed. The defendant subsequently filed a motion for appeal on December 2, 2009, and a motion to proceed in *forma pauperis*, which was granted on the same day. Thereafter, on January 11, 2010, the plaintiff filed a motion for devolutive appeal seeking to have this court remand the matter for traversing the defendant's pauper status.

Although the plaintiff used an improper procedure in filing a motion for appeal regarding the traversal, we keep with the jurisprudence construing pleadings liberally in order to give litigants their day in court. *See Sevarg Co., Inc. v. Energy Drilling Co.*, 591 So.2d 1278 (La.App. 3 Cir. 1992). Accordingly, we hereby construe the plaintiff's motion for appeal as a motion to remand an unlodged appeal for purposes of traversal and convert this appeal into a motion to remand.

In the plaintiff's motion, the plaintiff argues that the trial court signed a motion for appeal after granting the defendant's pauper status, thereby divesting itself of jurisdiction in this matter. The plaintiff contends that he did not have an opportunity to traverse the defendant's pauper status, and he asks this court to remand this matter to the trial court so that he may traverse the defendant's pauper status.

Here, we find that the plaintiff will not suffer any injury if the defendant is allowed to proceed with her appeal in *forma pauperis*. As described above, this is a

custody matter, which our rules provide must be heard expeditiously. *See* Uniform

Rules—Courts of Appeal, Rule 5–1. Therefore, in the interest of justice, we deny the

plaintiff's motion to remand. *See* La.Code Civ.P. art. 2164.

2

**APPEAL CONVERTED TO MOTION TO REMAND UNLODGED APPEAL. MOTION DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

DAVID EUGENE GARCIA

VERSUS

MICHELLE RUSHING GARCIA

**Gremillion, J., dissents and assigns written reasons.**

In the instant case, when the trial court granted the defendant's motion for appeal, it lost jurisdiction to entertain a motion to traverse the defendant's pauper status. Because the motion to proceed in *forma pauperis* was signed concurrently with the motion for appeal, the plaintiff did not have ample opportunity to traverse the defendant's pauper status before the appeal order was granted. *See McKellar v. Mason*, 154 So.2d 237 (La.App. 4 Cir. 1963). As such, I would remand this matter to the Fifteenth Judicial District Court for a hearing on the plaintiff's motion to traverse the defendant's right to proceed in *forma pauperis*.