# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BOBBY HAMPTON

VERSUS

GOVERNOR JEFF LANDRY;
LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONS; SECRETARY GARY
WESTCOTT; ATTORNEY GENERAL
ELIZABETH "LIZ" MURRILL;
DARREL VANNOY; AND JOHN DOES
1-100

NO.    2025 CW 1267

PAGE 1 OF 2

MARCH 26, 2026

In Re: Bobby Hampton, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 759757.

BEFORE:  THERIOT, MILLER, EDWARDS, FIELDS, AND HAGGERTY,[1] JJ.

**WRIT DENIED.**

MRT
BDE
BDH

**Miller and Fields, JJ.**, dissent and would grant the writ. We would reverse the portion of the November 6, 2025 judgment which granted defendants' exception of no cause of action, in part, as to counts I, II, III, and VII, and deny the exception as to those four counts. When it can reasonably do so, a court should maintain a petition against an exception of no cause of action to afford a litigant an opportunity to present his evidence. **State v. OptumRx, Inc.**, 2024-0543 (La. App. 1st Cir. 11/21/25), 425 So.3d 380, 386. Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. **Kuebler v. Martin**, 578 So.2d 113 (La. 1991). An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. **CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.**, 2015-1260 (La. App. 1st Cir. 9/23/15), 182 So.3d 1009, 1016. The Louisiana Supreme Court advises measured consideration in capital cases: "Time and time again the United States Supreme Court has reminded us 'death is different' because that sentence, once imposed, cannot be rectified. This Court has acknowledged there is a 'heightened need for reliability in the determination that a death sentence is the appropriate punishment in a specific case.' It is incumbent on our system of justice to ensure the imposition of the sentence is properly applied, not in haste, but also without delay for the sake of delay. Prudence dictates that proceedings must be expedited in a logical manner which ensures the rights of both the State and the defendant are properly protected and not lost in an effort to quickly resolve the matter." **State v. Draughn**, 2025-00505 (La. 4/28/25), 408 So.3d 192, 193 (citations omitted). Interpreting the language of the petition reasonably and in favor of maintaining its sufficiency and affording plaintiff the opportunity to present evidence at trial, we cannot conclude with appropriate certainty at this stage of the proceedings that plaintiff will be

---

[1] **Haggerty, J.**, serving *pro tempore*, by special appointment of the Louisiana Supreme Court.

unable to show that La. R.S. 15:569 violates the ex post facto clause of the Louisiana Constitution, the nondelegation doctrine of the Louisiana Constitution, the plaintiff's due process rights under the Louisiana Constitution, and the clause prohibiting retroactivity. La. Const. art. II, § 23; art. II, § 2 and art. I, § 2; La. Civ. Code art. 6. Defendants failed to show that plaintiff cannot support his allegations that La. R.S. 15:569 violates the ex post facto clause and the prohibition of retroactivity, because courts have not yet determined whether the addition of nitrogen hypoxia as an execution method in La. R.S. 15:569 violates Hampton's right to humane treatment or if it imposes significantly more pain than lethal injection. The degree of suffering imposed by nitrogen hypoxia is a question of fact. If nitrogen hypoxia imposes a greater degree of suffering than lethal injection, the application of La. R.S. 15:569 might disturb a right Hampton possessed at the time of his sentencing, by imposing a punishment that is harsher than those legal at that time. Nitrogen hypoxia might therefore be forbidden by the ex post facto clause and retroactivity prohibition. **Massey v. Louisiana Dep't of Pub. Safety & Corr.**, 2013-2789 (La. 10/15/14) 149 So.3d 780, 783; **Gladstone Area P'ship, Inc. v. City of Shreveport**, 54,349 (La. App. 2d Cir. 4/13/22), 337 So.3d 589; **State v. Hoffman**, 2025-00327 (La. 3/18/25), 402 So.3d 1214, 1218 (Guidry, J., dissenting); **Zagorski v. Haslam**, No. 3:18-CV-01035, 2018 WL 4931939, at *4 (M.D. Tenn. Oct. 11, 2018). Likewise, defendants failed to demonstrate with sufficient certainty that plaintiff cannot show that La. R.S. 15:569 violated the nondelegation doctrine because La. R.S. 15:569 grants the executive branch of the Louisiana government, through the Secretary of the Department of Public Safety and Corrections, legislative power without safeguards to control details of the application of the death penalty. La. Const. art. II, § 2 and art. I, § 2; **State v. Miller**, 2003-0206 (La. 10/21/03), 857 So.2d 423, 430; **Hobbs v. Jones**, 2012 Ark. 293, 15, 412 S.W.3d 844, 854 (2012). Similarly, defendants did not illustrate with sufficient certainty that plaintiff cannot demonstrate that La. R.S. 15:569 violates his due process rights because its procedures are impermissibly vague, and it lacks any definition of nitrogen hypoxia. **Grayned v. City of Rockford**, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972). Hampton's petition raises both factual and legal concerns, and therefore, the litigant should be allowed to proceed beyond these exceptions. It behooves the entire legal system to resolve these questions in a deliberate, sober, and timely fashion rather than in the last waning hours before an execution. Moving forward without a disposition on the merits leaves the body of law on this issue with only writ denials, which establish no precedential value. See **State v. Brown**, 2016-0998 (La. 1/28/22), 347 So.3d 745, 833, cert. denied, ___ U.S. ___, 143 S.Ct. 886, 215 L.Ed.2d 404 (2023) (stating that "a writ denial by this court has no precedential value"); see **Bankers Insurance Company v. Donelon**, 2023-0871 (La. App. 1st Cir. 3/22/24), 388 So.3d 411, 416 n.3 (noting that "a writ denial by an appellate court or the supreme court is not precedential for any purpose"); see also **State v. Hoffman**, 2025-00327 (La. 3/18/25), 402 So.3d 1214.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT