737 So.2d 160 (1999)
George Elbert HARRISON, Plaintiff-Appellant,
v.
Sheriff Eugene PARKER, Individually and In His Official Capacity, the Franklin Parish Sheriff's Department and the Franklin Parish Detention Center, Defendant-Appellee.
No. 31,844-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*161 Lavalle B. Salomon, APLC by Lavalle B. Salomon, Monroe, Counsel for Appellant.
Usry & Weeks by T. Allen Usry, John F. Weeks, II, Metairie, Counsel for Appellee.
Before GASKINS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Plaintiff, George Elbert Harrison ("Plaintiff"), appeals a summary judgment dismissing his action for wrongful termination of employment against defendant, Eugene Parker ("Parker"), the former sheriff of Franklin Parish. For the reasons stated herein, we reverse and remand.

FACTS and PROCEDURAL BACKGROUND
Plaintiff filed suit for wrongful termination [1] alleging that during his employment with the sheriff's department, he began *162 to notice unethical and illegal conduct by other employees in the department which he reported to Parker. Specifically, Plaintiff testified in his deposition that he complained to Parker about guards at the detention center having inmates work on their personal vehicles and horse trailers; that a deputy used inmates to work in his personal stables at his home; and that another deputy used inmates to work on his barn. Shortly after complaining of the misconduct to Parker in September 1994, Plaintiff was investigated for allegedly improperly communicating with a female inmate, but no disciplinary action was taken against him at that time. Plaintiff later reported new misconduct to Parker in November 1994; and, thereafter, new allegations of improper communications with the same female inmate again arose against Plaintiff. A second investigation was conducted, but the findings were never made known to Plaintiff. On December 7, 1994, Plaintiff was given notice of termination of his employment, effective December 1, 1994, for improper communications with the female inmate. It is Plaintiff's position that his termination was wrongful in that it violated his constitutional right of free speech and that such a termination violated public policy and state and federal "Whistle Blower" acts.
Parker filed a motion for summary judgment asserting that, from September through December 1994, he had received reports from his staff that Plaintiff was engaging in improper communications with a female inmate at the detention center and that this was the reason Plaintiff was fired in December 1994. The motion was supported by copies of several handwritten statements by inmates verifying these complaints, including one from the female inmate with whom Plaintiff allegedly had improper communications;[2] excerpts from both Plaintiffs and Parker's depositions;[3] an affidavit executed by Parker; and copies of employee disciplinary forms.
In its written reasons for judgment, the trial court stated that Louisiana law prohibits the termination of a public employee for reporting acts of impropriety. In order to prevail in such a claim, however, a plaintiff must show that his reporting of the alleged acts of impropriety motivated the decision to fire him. The trial court found that the undisputed facts showed that Plaintiff called the female inmate on the intercom from the control room while he was on duty and talked with her for extended periods of time, while other inmates remained locked out of their cells in order to provide privacy. The trial court also found that Plaintiff had accepted long distance telephone calls from the inmate to his unlisted home telephone number. The trial court opined that, under the circumstances, to allow Plaintiff to remain in the employ of the sheriff's department would have lowered the morale of fellow employees, as well as placed the employees and the general public at risk of an escape.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
Once the party moving for summary judgment meets his or her burden, *163 the adverse party must present evidence demonstrating that material factual issues remain by producing factual support sufficient to establish that the adverse party will satisfy his or her evidentiary burden at trial. The opposing party cannot rest on mere allegations or denials of his or her pleadings, but must present evidence establishing that material facts are still at issue. La. C.C.P. art. 966; Martin v. Southwest Moving & Delivery, 29,892 (La. App.2d Cir.10/29/97), 701 So.2d 1351. Parker argues that Plaintiff failed to meet this burden because Plaintiff did not present any evidence, outside of his petition, to support a finding that there exists a genuine issue of material facts.
We find no merit to this argument. Plaintiff submitted an affidavit of correctness with his petition in which he swore that the allegations in the petition were true and correct to the best of his information, knowledge and belief. Moreover, Plaintiff, in his opposition to Parker's motion for summary judgment, made references to the depositions that were already filed in the record by Parker. We find no need for Plaintiff to have filed second copies of these depositions with his own memorandum when copies were already present in the record.
As to the merits of the claim, an employee of a public entity may not be discharged for exercising his First Amendment right to freedom of expression despite his at-will status. Cabrol v. Town of Youngsville, 106 F.3d 101 (5th Cir.1997); Thompson v. City of Starkville, 901 F.2d 456 (5th Cir.1990); Brawner v. City of Richardson, 855 F.2d 187 (5th Cir.1988); see also La. R.S. 42:1169.[4] In order to prevail in a claim of retaliation, one must show that his speech was constitutionally protected, i.e., that it involved a matter of public concern; that his interest in commenting on the matters of public concern outweighs the public employer's interest in promoting efficiency; and that his speech was a motivating or substantial factor in the termination decision. Cabrol, supra; Thompson, supra. (Emphasis ours.)
We do not question that Plaintiff's complaints were of public concern. The disclosure of misbehavior by public officials is a matter of public interest and, therefore, deserves constitutional protection. Thomas v. Harris County, 784 F.2d 648 (5th Cir.1986). The reporting of misconduct within a police department has been deemed to be deserving of the classification of speech addressing a matter of public concern. Brawner, supra. Even if the speech is not widely publicized, we find this to be the case. See Callaghan v. Department of Fire, 385 So.2d 25 (La.App. 4th Cir.1980), in which it was found that the comments of a fireman relating to department policies made only to his superior during a private conversation were deemed to be protected speech for which he could not be penalized.
We find, therefore, that Plaintiff's reports of allegedly illegal or unethical conduct in the sheriff's office deal with matters of public importance. The use of inmates to do personal work for or on behalf of certain deputy sheriff's clearly gives rise to questions concerning the use of public funds because of the allegations that some deputies are gaining a financial advantage by using inmates who are maintained by taxpayers' money. In addition, the allegations, if true, could amount to malfeasance in office in violation of La. R.S. 14:134.
Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on material fact; and, thus, a motion for summary judgment is not appropriate for disposition of cases requiring judicial determination of subjective facts, *164 such as motive, intent, good faith or knowledge. La. C.C.P. art. 966; Miramon v. Woods, 25,850 (La.App.2d Cir.6/22/94), 639 So.2d 353. We, therefore, question whether or not the trial court could properly determine if Plaintiff's complaints were a motivating or substantial factor in the termination of his employment.
The record reflects discrepancies in Parker's description of the events leading up to Plaintiffs termination. Parker stated in his deposition that he merely discussed the first incident in September 1994 with Plaintiff and that no disciplinary action was taken. Parker further stated in his deposition that it was not until the second incident in December 1994, that any investigation was undertaken which resulted in Plaintiff losing his job. It was Parker's testimony that the statements from other female inmates and other employees were taken during the investigation of this second incident in December 1994.
The written statements, however, were taken on September 21, 1994. The record also reflects that an employee disciplinary form was completed on that day and that on September 22, 1994, Plaintiff was given a verbal warning concerning the alleged inappropriate contact. It was not until December 7, 1994, that Plaintiffs employment was terminated, allegedly after the thorough investigation of this second incident.
We believe that reasonable minds could differ as to the import of the evidence in this case. If Plaintiff were to take the stand at trial and testify consistently with the allegations contained in his petition, while Parker testified consistently with his deposition and affidavit, a fair-minded jury would be faced with deciding the factual issue of whether Plaintiffs complaints to Parker were a motivating or substantial factor in his termination, based on credibility determinations and the weight of the evidence. Even if we were to assume, arguendo, that Parker had a legitimate basis on which he could fire Plaintiff, that assumption still would not answer the question of whether Plaintiffs complaints were a motivating or substantial factor in Parker's decision to terminate him. Cabrol, supra; Thompson, supra.

DECREE
For the foregoing reasons, the decision of the trial court granting summary judgment in favor of Defendant, Eugene Parker, individually and in his official capacity as former Sheriff of Franklin Parish, and dismissing the case of Plaintiff, George Elbert Harrison, is hereby reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion. All costs are assessed to Defendant, Eugene Parker, individually and in his official capacity as former Sheriff of Franklin Parish.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff originally filed suit against Parker, the Franklin Parish Sheriff's Department and the Franklin Parish Detention Center. Plaintiff later dismissed the Franklin Parish Sheriff's Department, admitting he had no cause of action against that entity. When this case first came to this court on appeal, we questioned whether it had been fully adjudicated since the Franklin Parish Detention Center was not named as a defendant in the judgment granting summary judgment and dismissing Plaintiff's claim against Parker. In response, Plaintiff admitted that the Franklin Parish Detention Center was only a nominal party joined as a defendant out of an abundance of caution, so that the judgment on appeal regarding Parker was fully adjudicated.
[2] The statements are not notarized and refer only to the September 1994 investigation.
[3] Plaintiff admitted in his deposition that he received personal telephone calls at his home from the inmate.
[4] Parker complains that La. R.S. 42:1169 is inapplicable because it was not "enacted" until 1995. We find no merit to this argument, since the statute was enacted in 1979 and amended procedurally in 1995.