774 So.2d 346 (2000)
Russell J. GOULAS, Jr., et al.
v.
DENBURY MANAGEMENT INC., et al.
No. 00-935.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
*347 Thomas Robert Shelton, Shelton Law Firm, Lafayette, LA, Counsel for Plaintiff/Appellant, Russell J. Goulas, Jr., et al.
Paul C. Miniclier, New Orleans, LA, Counsel for Defendant/Appellee, Denbury Management.
Jason P. Waguespack, Galloway, Johnson, Tompkins & Burr, New Orleans, LA, Counsel for Defendant/Appellee, C.F. Bean Corp.
John Nickerson Chappuis, Voorhies & Labbe, Lafayette, LA, Counsel for Defendant/Appellee, BLR Construction Co., Inc.
(Court composed of Judge ULYSSES GENE THIBODEAUX, Judge OSWALD A. DECUIR and Judge JIMMIE C. PETERS).
THIBODEAUX, Judge.
Russell J. Goulas, Jr. appeals the trial court's ex parte grant of defendant Denbury Management, Inc.'s peremptory exception of no right of action and dismissal of his cause of action without a contradictory hearing or leave to amend the petition. We find that the trial court abused its discretion in dismissing this case. We, therefore, reverse the judgment and remand for further proceedings.

I.

ISSUE
We shall consider whether the trial court improperly granted by ex parte motion the peremptory exception of no cause of action filed by Denbury Management, Inc. and dismissed Mr. Goulas' suit without a contradictory hearing.

II.

ALLEGED FACTS
These averments are taken from Mr. Goulas' petition. At the time the exception was filed, the record did not contain any documentary or testimonial evidence.
Mr. Goulas was employed by Denbury Management, Inc. (Denbury), the defendant-appellee, as an oil and gas gauger. His work involved checking the readings of gauges on oil and natural gas wells located at the Lake Chicot Field in St. Martin Parish, Louisiana. He was also responsible for drafting and filing reports of these readings.
Lake Chicot Field consists of different navigable waterways along the Atchafalaya River, a navigable body of water in Ward Two, St. Martin Parish. At the beginning and at the end of each work day, Mr. Goulas traveled in a twenty-three foot boat known as a tri-hull between Butte La Rose landing and the Denbury facility in the Lake Chicot Field. Each one-way trip required approximately fifty to sixty minutes of travel time. This vessel, which was stationed at the Butte La Rose landing, was owned by Denbury. The Lake Chicot Production Facility, also owned by Denbury, processes and/or stores oil and natural gas produced from Denbury's wells. During the day, Mr. Goulas used the tri-hull to travel to the sites where the various gauges were located where he would read the gauges on the wells. He would then dock the vessel at the Lake Chicot production facility, draft his reports on the gauge readings on the natural gas wells, and fax those reports to Denbury. He would then get back on the vessel and traverse other navigable bodies of water to check the gauges on the oil wells. After checking the oil well gauges, he would navigate the vessel back to the Lake Chicot Production Facility to verify that the oil from the wells in the field was flowing properly into the storage tanks at the facility.
Prior to April 25, 1998, Denbury had hired a third party contractor, Bean Dredging, to dredge the waterways near the Lake Chicot Production facility. On April 25, 1998, Mr. Goulas noticed that there was a large amount of dredged material *348 piled up on the banks of the Atchafalaya River in the area where vessels would dock to reach the facility. Mr. Goulas began using a John Deere tractor owned by Denbury to level the dredged material which had been piled on the banks in order to clear the premises. According to Mr. Goulas, the scraping blade of the tractor became stuck on a piece of pipe which was buried in the dredged material. Mr. Goulas tried to free the tractor from the pipe by manually pulling on the pipe in order not to leave the tractor in open view along the banks for fear of theft. As a result of manually attempting to remove the pipe, he claims to have suffered injuries to his back including bulging and ruptured discs.
Mr. Goulas filed suit against Denbury Management, Inc., C.F. Bean Corporation, and Gulf Inland Contractors, Inc. under the Jones Act (46 U.S.C.App. § 688) and the General Maritime laws of the United States on April 23, 1999. Mr. Goulas sued individually for compensation for injuries and losses, for lost earnings capacity, medical expenses, maintenance benefits, and other economic losses. Mr. Goulas, as administrator of the minor child Blake Goulas, and his wife, Arlene Goulas, sued for loss of support, services and consortium. On April 26, 1999, Mr. Goulas filed an Amended and Supplemental Petition to Add an Additional Defendant, adding BLR Construction Inc. to the suit. On May 26, Denbury filed an Exception of No Right of Action based on Mr. Goulas' alleged failure to meet the requirements to be a Jones Act seaman. On June 2, 1999, the trial court granted Denbury's Peremptory Exception without a hearing and dismissed the entire petition with prejudice.

III.

LAW AND DISCUSSION
Mr. Goulas appeals the trial court's finding for Denbury that no cause of action existed. The trial court, however, did not rule on a cause of action nor, for that matter, did Denbury challenge the lawsuit on that basis. Instead, the trial court granted the peremptory exception of no right of action and dismissed with prejudice Mr. Goulas's claim for damages. We will, therefore, treat the merits of the trial court's sustaining of the exception of no right of action and the dismissal of the case.

The Peremptory Exception of No Right of Action
Denbury pled the peremptory exception of no right of action alleging that Mr. Goulas was not a seaman for purposes of the Jones Act. At the time of the filing of the exception, Denbury had not yet answered the petition. Nor had there yet been any discovery whatsoever in this case. The trial court sustained the exception without allowing the parties to present evidence or oral argument. Because there was no evidence present before the court, the ruling was based exclusively on the facts alleged in Mr. Goulas' petition and in Denbury's exception.
The objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. La.Code Civ.P. art. 927 A(5). The essential function of the objection is to provide a threshold device which terminates suits brought by one who has no interest in enforcing the right. Jones v. McDonald's Corp., 618 So.2d 992 (La.App. 1 Cir.1993). To prevail on the peremptory exception of no right of action, the defendant must show that the plaintiff either does not have an interest in the subject matter of the suit or the legal capacity to proceed with the suit. Moyers v. Altmann, 594 So.2d 6 (La.App. 3 Cir.1992). The party raising a peremptory exception bears the burden of proof. See Spott v. Otis Elevator Co., 601 So.2d 1355 (La. 1992).
Every reasonable interpretation must be accorded the language of the plaintiff's petition in favor of maintaining the sufficiency of the petition in order to afford the litigant an opportunity to present *349 his evidence. Owens v. Martin, 449 So.2d 448 (La.1984). Thus, courts must construe pleadings in a way that enables them to "afford litigants their day in court, to arrive at the truth, and to do substantial justice." Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). Further, when reasonably able to do so, "the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence." Id.
Denbury argues that Louisiana Code of Civil Procedure Article 963 allows the judge to grant an order ex parte, that is, without hearing the adverse party. This provision, found in Chapter 4, Written Motions, reads as follows: "[i]f the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party." La.Code Civ.P. art. 963. The argument that Article 963 should apply to exceptions is an attractive one, although specious. Article 963 does not apply to exceptions. The rules for exceptions are provided in the chapter preceding Article 963, entitled "Exceptions." Conversely, Article 963 is within a chapter entitled "Motions." The chapter concerning motions includes Articles 961-971. The lead article reads as follows: "An application to the court for an order, if not presented in some other pleading, shall be by motion which, unless made during trial or hearing or in open court, shall be in writing." La.Code Civ.P. art. 961. (Our emphasis). This chapter pertains exclusively to applications to the court for orders other than other pleadings for which there are separate provisions. Exceptions are presented to the court in a type of pleading entitled "Exceptions." Codal provisions relevant to exceptions are treated in the chapter titled "Exceptions" and include only Articles 921-934. Article 963 is, therefore, irrelevant and inapplicable in this case.
It is true that, in certain cases, the court may sustain a peremptory exception without a hearing. Louisiana Code of Civil Procedure Article 934 provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Thus, if the petition on its face fails to make the basic allegations that are required to maintain a claim, the court should sustain the objection and provide the plaintiff an opportunity to amend the petition. Article 934 mandates that the trial court permit an amendment to the petition where the grounds for the objection are curable. Alexander & Alexander v. State Division of Admin., 486 So.2d 95 (La.1986). Thus, the codal articles pertaining to exceptions clearly provide for a dismissal due to a sustaining of a peremptory exception only if either the grounds of the objection cannot be remedied or if the plaintiff fails to remedy them following a court order.
This is not the case here. Mr. Goulas does make the allegation of seaman status as required for a Jones Act case. Had he not alleged seaman status, the court could have sustained the peremptory exception of no right of action and ordered him to amend the petition so that his seaman status would appear on the face of the complaint. Then had Mr. Goulas not amended the petition following a court order, the cause of action could have been dismissed.
Mr. Goulas' petition arguably does support a finding of seaman status. However, he omitted any factual grounds which would clearly indicate seaman status. For example, in paragraphs three, eight, and nine of the petition, he makes general allegations *350 without detailed, factual support. Specifically, in paragraph three, he avers that he was an American seaman. In paragraph eight, he is described as a "member of the crew of the vessel." In paragraph nine, the petition states that Mr. Goulas was required to "operate the vessel as a member of its crew down the Atchafalaya River to the Whiskey Bay Channel and then south to Lake Chicot Field." If these allegations are true, then Mr. Goulas arguably has seaman status. Thus, evidence was needed to establish whether or not Mr. Goulas' allegations had merit.
The court should have ordered a hearing on the merits of Denbury's exception as provided in Louisiana Code of Civil Procedure 929(A) which states that exceptions, when pleaded before or in the answer, "shall be tried and decided in advance of the trial of the case." This would have allowed Goulas to argue the merits of his claim of seaman status. Further, Article 931 provides that both parties may introduce evidence to support their arguments:
On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
Mr. Goulas should have had the opportunity to rebut any specific factual evidence put forth by Denbury on its allegation that he was not a seaman for Jones Act purposes. Clearly, the language of Articles 929 and 931 presuppose that a peremptory exception pled prior to the trial on the merits will be heard before the court. The law requires the court to decide the issue on the evidence submitted in such a hearing. Phillip v. Home Ins. Co., 95-406 (La.App. 5 Cir. 2/27/96); 671 So.2d 943. Only if no evidence is presented at the hearing on the exception, then must the objection be decided upon the facts alleged in the petition. Younger v. Marshall Indus., Inc., 618 So.2d 866 (La.1993).
In this case, the trial judge should have ordered a hearing where both parties could have presented oral argument and evidence. Given the need for evidence or, at the very least, a hearing, this case was not in a posture for ex parte dismissal.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. This case is remanded to the trial court for proceedings consistent with the views expressed herein. All costs of appeal are assessed against Denbury Management, Inc.
REVERSED AND REMANDED.