# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-851

**RUSSELL E. GAHAGAN, JR.**

**VERSUS**

**SYDNEY THORNTON**

**********
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 73448
HONORABLE MONTY L. DOGGETT, DISTRICT COURT JUDGE

**********
**ULYSSES GENE THIBODEAUX**
**JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**REVERSED AND REMANDED FOR TRIAL ON THE MERITS.**

**Charles Raymond Whitehead, Jr.**
**Whitehead Law Offices**
**P. O. Box 697**
**Natchitoches, LA 71458-0697**
**Telephone:  (318) 352-6481**
**COUNSEL FOR:**
        **Plaintiff/Appellant - Russell E. Gahagan, Jr.**

**David Anthony Szwak**
**Bodenheimer, Jones & Szwak**
**401 Market Street - Suite 240**
**Shreveport, LA 71101**
**Telephone:  (318) 424-1400**
**COUNSEL FOR:**
        **Defendant/Appellee - Sydney Thornton**

THIBODEAUX, Judge.

The plaintiff, Russell E. Gahagan, Jr. (Gahagan),appeals the trial court's judgment dismissing his claim to seize property the defendant, Sidney Thornton (Thornton), pledged to him to secure a debt. The trial court held that Gahagan failed to state a right of action and granted Thornton's peremptory exception of no right of action. We disagree with the trial court's conclusion and reverse.

## I.

## ISSUE

The issue in this case is whether Gahagan has the right to seize property pledged to him by Thornton as security for two loans made to Thornton by Gahagan when that property was pledged to secure a loan from Gahagan personally, and a second loan was made by a finance company owned by Gahagan, that was subsequently dissolved while the loan was still outstanding, where the property, two Super Bowl rings, was not in the possession of Gahagan.

## II.

## FACTS

On July 10, 1991, Gahagan made a personal loan to Thornton in the amount of $5,567.46 representing principal and interest. In connection with the loan, the parties entered into a written promissory note. Thornton also pledged his 1978 and 1979 Super Bowl rings as security for the note. The rings were physically delivered by Thornton to Gahagan. On September 26, 1991, Valley Finance Company, Inc. (Valley Finance) made a loan to Thornton in the amount of $2,988.34. At the time of the loan, Gahagan was president and co-owner of Valley Finance. To secure this loan, the previously pledged Super Bowl rings were pledged to Valley

1

Finance. The rings were kept in a lock box at a bank. Some time after getting the loans, Thornton petitioned for and was granted a judgment in bankruptcy.

Gahagan and Valley Finance instituted litigation against Thornton *in rem* to seize, and eventually sell, the pledged Super Bowl rings to satisfy the debt due Gahagan and Valley Finance. In response, Thornton filed a peremptory exception of no right of action. Thornton asserted that Gahagan instituted the litigation in his individual capacity and that the loans were created in favor of a corporation; thus, the rings were pledged in favor of Valley Finance, not Gahagan.

The trial court granted Thornton's exception. The trial court found that the rings were first pledged to secure the debt owed to Gahagan personally and were physically delivered to Gahagan in connection with the first loan. The trial court further found that the rings were presented to Valley Finance, not Gahagan, at the time of the second loan. The bank which kept the rings in a lock box no longer wanted to hold the rings and physically gave them back to Gahagan. The trial court held that although Gahagan may have a right to sue on the note, since Gahagan instituted an *in rem* proceeding, "delivery [of the items pledged] and continued possession are essential to maintain a pledge." Ultimately, in ruling against Mr. Gahagan and sustaining Thornton's exception of no right of action, the trial court stated:

> [T]he rings were first delivered to Mr. Gahagan and then delivered to the finance company on the occasion [sic] of the second loan. Later [sic] apparently the finance company delivered the rings to Mr. Gahagan. Therefore, since the defendant did not give the rings to Mr. Gahagan, the subsequent delivery by the finance company to Mr. Gahagan does not avail Mr. Gahagan. It was not delivery by the defendant to him. Mr. Gahagan had early possession which he relinquished, therefore in this court's view he may not now enforce the pledge.

III.

## LAW AND DISCUSSION

2

### No Right of Action

An action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ.P. art. 681. In *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n*, 94-2015 (La. 11/30/94), 646 So.2d 885, the supreme court noted that the function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The issue of whether a plaintiff has the right to judicially assert a cause of action is a question of law. Accordingly, we review an exception of no right of action *de novo*. *Mississippi Land Co. v. S & A Properties II, Inc.*, 01-1623 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200. Since the function of this exception is to terminate the suit, we should deny the exception if we can reasonably "construe the pleadings in a way that enables them to 'afford litigants their day in court, to arrive at the truth, and to do substantial justice' . . . so as to afford the litigant an opportunity to present his evidence." *Goulas v. Denbury Management, Inc.*, 00-935 pp. 4-5 (La.App. 3 Cir. 12/6/00), 774 So.2d 346, 349. To prevail on the peremptory exception of no right of action, the defendant bears the burden of showing that the plaintiff either does not have an interest in the subject matter of the suit or the legal capacity to proceed with the suit. *Moyers v. Altmann*, 594 So.2d 6 (La.App. 3 Cir. 1992). However, the defendant may present evidence to show that the plaintiff does not have a right of action. *Arcadian Corp. v. Olin Corp.*, 97-174 (La.App. 3 Cir. 6/18/97), 698 So.2d 9, *writ denied*, 02-1930 (La. 10/25/02), 824 So.2d 396.

***Pledge/Uniform Commercial Code, Article 9***

There is no dispute regarding the dates that the parties entered into both loans. The first loan was made on July 10, 1991, and the second loan was made on September 26, 1991. By Act 135 of 1989, the legislature enacted into law a modified version of Chapter 9 of the Uniform Commercial Code (U.C.C.) as Chapter 9 of the Louisiana Commercial Laws. La.R.S. 10:9-101, *et seq.* As a general rule, Article 9 applies to contractual security interests affecting personal or movable property entered into or granted on or after January 1, 1990. La.R.S. 10:9-102. Further, La.Civ.Code art. 3133.1, an article under Title XX "Of Pledge," provides:

> This Title shall apply to pledges of movables that are delivered prior to the time Chapter 9 of the Louisiana Commercial Laws[] becomes effective, including without limitation those pledges that may secure future obligations and lines of credit, as well as to pledges entered into on or after the time Chapter 9 of the Louisiana Commercial Laws becomes effective that are exempt or otherwise excluded from coverage thereunder.

Thus, it is clear that the old law of pledge under Title XX of the Civil Code are inapplicable to the present case because both loans were confected after the effective date of Chapter 9 of the Louisiana Commercial Laws. The law under La.R.S. 10:9-101, *et seq* is determinative of the rights of parties in the present case. Therefore, whether Gahagan has a right of action *in rem* against Thornton is dependent upon whether the rules and regulations with respect to obtaining a security interest in the Super Bowl rings were properly done.

As we noted above, because Thornton raised the peremptory exception of no right of action, the burden is on him to prove that Gahagan has no legal interest in pursuing a claim against him to seize and sell the Super Bowl rings. Chapter 9 of the Louisiana Commercial Laws, applies to transactions that create, by contract, a security interest in, among other things, personal property. La.R.S. 10:9-109. The

parties must also enter into a security agreement and file a financing statement. The financing statement must contain certain information such as the name of the debtor, the name of the secured party and a proper description of collateral covered by the financing statement. La.R.S. 10:9-502, 10:9-503, 10:9-504 and 10:9-108. The secured party of record is the person whose name is provided on the financing statement. La.R.S. 10:9-511. Louisiana Revised Statutes 10:9-609 provides that one way a secured party may take possession of the collateral securing his interest is pursuant to judicial process. There is nothing in the record indicating that Gahagan did not follow the Louisiana Commercial Laws in securing his interest in the two Super Bowl rings. It was Thornton's burden to prove Gahagan's noncompliance. He failed to do so. Thus, the trial court's grant of Thornton's peremptory exception of no cause of action was erroneous.

IV.

## CONCLUSION

For the above reasons, the judgment of the trial court granting Thornton's peremptory exception of no right of action is reversed. Costs of this appeal are assessed to the defendant-appellee, Sidney Thornton.

**REVERSED AND REMANDED FOR TRIAL ON THE MERITS.**