# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-100

RICKY LAGRANGE

VERSUS

DYNAMIC INDUSTRIES, INC.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 95254,
HONORABLE PAUL J. deMAHY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

Lawrence D. Wiedemann
Wiedemann & Wiedemann
821 Baronne Street
New Orleans, Louisiana  70113
(504) 581-6180
Counsel for Plaintiff/Appellee:
     Ricky LaGrange

Tracy P. Curtis
Perret Doise, APLC
Post Office Drawer  3408
Lafayette, Louisiana  70502
(337) 262-9000
Counsel for Defendant/Appellant:
     Dynamic Industries, Inc.

SULLIVAN, Judge.

Ricky LaGrange sued Dynamic Industries, Inc. (Dynamic) to collect a bonus he alleged was owed to him under an employment contract. The trial court awarded him $100,000.00 on summary judgment. Dynamic appealed and filed an exception of no right of action, seeking dismissal of Mr. LaGrange's suit because he did not arbitrate his claims before filing suit. For the following reasons, the exception of no right of action is denied, and the judgment of the trial court is reversed.

### *Facts*

On April 24, 1996, Dynamic and Mr. LaGrange entered into an employment contract which provided that it would pay Mr. LaGrange an annual minimum salary of $76,800.00 per year and a bonus of 10% of the net profits of the company commencing January 1, 1996. Dynamic paid Mr. LaGrange a salary of $76,800.00 in 1996 and 1997 and a bonus in the amount of $73,738.00 for 1996.

On January 14, 1998, Dynamic was purchased by Moreno Energy Services, Inc. (Moreno). In May 2000, Mr. LaGrange was terminated. He filed this suit to collect his bonus for 1997, which he alleged was $100,000.00, together with penalties and attorney fees under La.R.S. 23:632. Following receipt and review of Dynamic's responses to his interrogatories and requests for production, Mr. LaGrange amended his original petition to assert that he was owed an additional $9,898.64 for his 1996 bonus and that his bonus for 1997 should be $123,827.70. Thereafter, he filed a motion for summary judgment, seeking a judgment for these amounts, together with penalties and attorney fees under La.R.S. 23:631 and La.R.S. 23:632.

After a hearing on the motion for summary judgment, the trial court awarded Mr. LaGrange $100,000.00, but denied his claims for penalties and attorney fees. Mr. LaGrange filed a motion for new trial which was denied. He answered Dynamic's

appeal, seeking an increase in the amount of his judgment and an award for penalties and attorney fees.

### *Exception of No Right of Action*

In its exception of no right of action, Dynamic asserts that Mr. LaGrange's employment contract contains an arbitration clause, which required him to submit his claims to arbitration before filing suit, and that, because he did not do so, he has no right to proceed with this action. Mr. LaGrange does not deny the existence or validity of the arbitration clause; rather, he contends that Dynamic waived its right to demand arbitration because it participated in this litigation before seeking to enforce the arbitration provision.

Louisiana Code of Civil Procedure Article 2163 provides for the consideration of a peremptory exception of no right of action by an appellate court if the exception was urged before the case was submitted for a decision and "if proof of the ground of the exception appears of record." The peremptory exception of no right of action is a threshold device which terminates suits brought by one who has no interest in enforcing the right. *Goulas v. Denbury Mgmt., Inc.*, 00-935 (La.App. 3 Cir. 12/6/00), 774 So.2d 346. For Dynamic to prevail on this exception, it must establish that Mr. LaGrange "does not have an interest in the subject matter of [his] suit or the legal capacity to proceed with the suit." *Id.* at 348.

Mr. LaGrange does have an interest and the legal capacity to proceed in this suit; however, his employment contract has an arbitration provision. "The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of suit or by motion to stay proceedings pending arbitration." *Albert K. Newlin, Inc. v. Morris*, 99-1093, p. 7 (La.App. 3 Cir. 1/5/00), 758 So.2d 222, 227. Dynamic's exception of no right of

2

action is actually an exception of prematurity, which must be filed prior to answer or judgment by default, or it is waived. La.Code Civ.P. art 928. Dynamic's exception was not filed timely; therefore, it was waived. La.Code Civ.P. art. 928; *Gary v. Moncla Well Servs., Inc.*, 97-1131 (La.App. 3 Cir. 2/4/98), 706 So.2d 1096.

### *Motion for Summary Judgment*

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The initial burden of proof is on the mover to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). An issue is genuine if reasonable persons could disagree. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. If, based on the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. *Id.*

In *Knowles v. McCright's Pharmacy, Inc.*, 34,559, p. 3 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, 103, the court discussed the role of the trial court in considering the merits of a motion for summary judgment:

> Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La.12/08/00), 775 So.2d 1049; *Independent Fire Insurance Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226. Furthermore, as noted by the Supreme Court in *Independent Fire Insurance Co., supra*, the trial court cannot make credibility determinations on a motion for summary judgment. It is not the function of the trial court on a motion for summary judgment to determine or

even inquire into the merits of the issues raised. Additionally, the weighing of conflicting evidence has no place in summary judgment procedure. *Smith v. Lynn*, 32,093 (La.App.2d Cir.08/18/99), 749 So.2d 692; *Harrison v. Parker*, 31,844 (La.App.2d Cir.05/05/99), 737 So.2d 160, *writ denied*, 99-1597 (La.09/17/99), 747 So.2d 565.

In defense of Mr. LaGrange's claim for a bonus for 1997, Dynamic asserts there was a verbal novation of Mr. LaGrange's original employment contract as a result of negotiations between Mr. LaGrange and Michel Moreno of Moreno. Novation is the extinguishment of one obligation and the substitution of that obligation with another obligation. La.Civ.Code art. 1879.

Dynamic contends that Mr. LaGrange's own pleadings and exhibits create a material issue of fact regarding a novation of his contract. Mr. LaGrange alleged in his petition, and Dynamic admitted in its answer, that his employment contract was canceled by mutual consent *following* Dynamic's 1997 fiscal year. A copy of an "Agreement" attached to Mr. LaGrange's petition states in part that his employment contract was terminated and that none of the terms of the contract survived the contract except that Dynamic acknowledged its obligation to transfer Moreno private stock to Mr. LaGrange. This "Agreement" was signed by Mr. LaGrange but not by a representative of Dynamic. Mr. LaGrange asserts this agreement was not confected, and Dynamic has not produced a completed copy of the "Agreement."

In his supplemental memorandum in support of his motion for summary judgment, Mr. LaGrange outlined requests by Mr. Moreno to modify his employment contract *after* Moreno's acquisition of Dynamic:

> Michel B. Moreno advised Ricky LaGrange after the acquisition of Dynamic Industries, Inc. that he would increase Mr. LaGrange's salary from $86,000.00 per year to $100,000.00 per year, if Mr. LaGrange would forego the contract. Mr. LaGrange agreed to the wage increase **if** the monies for the 1997 contract calendar year were paid. Mr. Moreno agreed to make monthly installments in the amount of $2,500.00 each month. Mr. Moreno made one payment in the amount of $2,500.00.

Michel B. Moreno requested Mr. LaGrange to accept, in lieu of the monies owed to him 400 shares of company stock. Mr. LaGrange refused because Mr. Moreno refused to set a price amount on the per share value.

A copy of an unsigned stock subscription agreement is attached to the supplemental memorandum.

Mr. LaGrange acknowledges that his employment agreement was terminated *after* Moreno purchased Dynamic and that Mr. Moreno attempted to renegotiate his 1997 bonus, but denies the renegotiation was completed. Mr. Moreno claims that the contract was renegotiated. Summary judgment is inappropriate here because resolution of this issue requires the court to weigh conflicting evidence. Furthermore, the intent of the parties is the most important factor in deciding whether a novation has occurred, *Scott v. Bank of Coushatta*, 512 So.2d 356 (La.1987), and summary judgment is usually not appropriate in cases requiring judicial determination of subjective facts, such as motive, intent, good faith, or knowledge. La.Code Civ.P. art. 966; *Harrison v. Parker*, 31,844 (La.App. 2 Cir. 5/5/99), 737 So.2d 160, *writ denied*, 99-1597 (La. 9/17/99), 747 So.2d 565.

Our determination that summary judgment is inappropriate renders the issues in Mr. LaGrange's answer to this appeal moot.

### *Disposition*

The judgment of the trial court granting summary judgment in favor of Ricky LaGrange is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed to Ricky LaGrange.

**REVERSED AND REMANDED.**