NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-317

MAGGIE SEPULVADO MANSHACK

VERSUS

MARY GARCIA KERSHAW

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 60,465
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Michael G. Sullivan, J. David Painter, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

William Glen Nader
1953 East 70th Street, Suite 3
Shreveport, LA 71105
(318) 798-8888
Counsel for Defendant/Appellant:
Mary Garcia Kershaw

**Kenneth N. Simmons**
**P. O. Box 490**
**Many, LA 71449**
**(318) 256-1275**
**Counsel for Plaintiff/Appellee:**
**Maggie Sepulvado Manshack**

**Joseph William Hendrix**
**617 Market Street**
**Shreveport, LA 71101**
**(318) 222-0070**
**Counsel for Defendant/Appellant:**
**Mary Garcia Kershaw**

**EZELL, JUDGE.**

In this matter, Mary Kershaw appeals the decision of the trial court granting summary judgment in favor of Maggie Manshack. For the following reasons, we reverse the decision of the trial court and remand for further proceedings in accordance with our ruling.

Mrs. Manshack acquired the disputed property, her long-time family home and five acres of land in Sabine Parish, via a partition involving her siblings upon the death of her parents. In October of 2003, Mrs. Kershaw, Mrs. Manshack's niece, was to take Mrs. Manshack to Warren Meadows Funeral Home to allow Mrs. Manshack to sign papers concerning pre-need funeral arrangements. However, Mrs. Manshack and Mrs. Kershaw, accompanied by Artie Sepulvado and James Garcia, went to a pawn shop to see a notary public, Barbara Lopez. Mrs. Lopez typed up a document and asked Mrs. Manshack, who can not read well, to sign it. The document was a donation inter vivos giving her house and land to Mrs. Kershaw, subject to a full usufruct in favor of Mrs. Manshack.

In September of 2006, Mrs. Manshack filed an application for a grant to weatherproof her house from the Sabine Parish Police Jury. The grant application required that Mrs. Manshack prove ownership of her home. While seeking this proof, Mrs. Manshack asserts that she first learned of the donation. Subsequently, she filed a petition to annul the act of donation. She then filed the current motion for summary judgment, claiming that no genuine issue of material fact existed as to her claims that she had never had any intention of donating her property. The trial court granted the summary judgment, and Mrs. Kershaw appeals that judgment.

Mrs. Kershaw asserts two assignments of error on appeal: that the trial court erred in granting Mrs. Manshack's motion for summary judgment and that the trial

court erred in allowing parol evidence to be admitted in this case. Because we agree

with Mrs. Kershaw on her first assignment of error, we need not address her second.

> Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Bonin v. Westport Ins. Corp.*, 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to favorably accomplish these ends. La. C.C.P. art. 966(A)(2). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Duncan v. USAA Ins. Co.*, 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-766.

*King v. Ill. Nat.'t Ins. Co.*, 08-1491, p. 6 (La. 4/3/09), 9 So.3d 780, 784.

In *Brittain v. Family Care Services, Inc.*, 34,787, p. 4 (La.App. 2 Cir. 6/20/01),

801 So.2d 457, 460, the court stated:

> Even though the summary judgment procedure is favored, it is not a substitute for trial and is often inappropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. *Oaks v. Dupuy*, 32,070 (La.App.2d Cir. 8/18/99), 740 So.2d 263 *citing Greer v. Dresser Industries, Inc.*, 98-129 (La.App. 3d Cir.7/1/98), 715 So.2d 1235). One reason is that these subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. *Id*. Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts. *See, Harrison v. Parker*, 31,844 (La.App. 2d Cir.5/5/99), 737 So.2d 160.

Simply put, this case hinges on whether or not Mrs. Manshack intended to convey her property to Mrs. Kershaw. The bulk of the evidence in the record is a transcript from a criminal trial involving this dispute. Mrs. Manshack claims that she can barely read and had no idea that she was signing an act of donation when the document was executed. Mrs. Manshack further testified that Barbara Lopez, the notary who created the document, did not read her the document before she signed it. This testimony is bolstered by the testimony of Artie Sepulvado, who stated that Mrs. Manshack was surprised to find out that the donation had occurred. However, the record also contains an affidavit from Mrs. Kershaw averring that Mrs. Manshack knew she was donating the property. This is supported by the testimony of Ms. Lopez, who testified that she told Mrs. Manshack she was signing a donation and that Mrs. Manshack intended to donate the land to Mrs. Kershaw. Likewise, Mrs. Kershaw's father, James Garcia, testified that Mrs. Lopez asked Mrs. Manshack if she understood what she was signing and that Mrs. Manshack answered affirmatively.

It is clear from the record that there exists a genuine issue of material fact as to whether Mrs. Manshack possessed the requisite donative intent in this matter. The trial court clearly weighed evidence and made credibility determinations, which may very well prove to be correct, that are not allowed in summary judgment proceedings. Accordingly, we must reverse the trial court's decision.

Mrs. Manshack claims in brief that the trial court committed error in not finding the alleged donation to have been a donation *omnium bonorum*. However, as she did not answer Mrs. Kershaw's appeal, we may not address this issue.

For the above reasons, the decision of the trial court is hereby reversed, and the case is remanded to the trial court for further proceedings. Costs of this appeal are hereby assessed against Mrs. Manshack.

**REVERSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.

4