NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-69

JOHN EARLY, JR.

VERSUS

KAREN ALSTON EARLY

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 177,361
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

REVERSED AND REMANDED.

**Katharine Geary**
**Attorney at Law**
**3327 D. Jackson Street**
**Alexandria, LA 71301**
**(318) 445-1076**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Karen Alston Early**

**Wesley Ryan Bailey**
**Attorney at Law**
**303 East Texas Street**
**Leesville, LA 71146**
**(337) 404-7716**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **John Early, Jr.**

**WILSON, Judge.**

On June 10, 2020, Karen Alston Early, appellant, filed a Petition for Judicial Partition of Community Property. On July 28, 2020, John L. Early, Jr., appellee, filed an Exception to the Petition for Partition of Community Property, alleging Ms. Early had no right of action. On October 12, 2020, the trial court heard the matter and granted the exception and dismissed the suit. Ms. Early appeals. For the reasons below we reverse and remand.

I.

## ISSUES

We must decide:

(1)   Did Mr. Early, Jr. meet his burden of proof on an Exception of No Right of Action to a Petition for Partition of Community Property by his attempt to show that the only listed asset was separate property and not community; and

(2)   Did the trial court err in finding that the military retirement benefits of Mr. Early are entirely his separate property and thus improperly grant the exception of no cause action, when the parties were married for 14 years of his military service?

II.

## FACTS AND PROCEDURAL HISTORY

Mr. and Ms. Early married on July 3, 1979. Throughout their marriage Mr. Early served in the military until September 28, 1993, when he retired and received a Special Separation Benefit. Mr. Early filed for divorce on July 31, 1994 and the couple were officially divorced on October 17, 1994. Pursuant to the divorce, Mr. and Ms. Early entered into a voluntary partition of community property in which they agreed to split the remaining balance of the Special Separation Benefit. Ms.

Early urges that they never finished dividing the amount and eventually sued to receive the remaining balance from Mr. Early. Following the divorce, Mr. Early entered the Louisiana Army National Guard in July of 1994. In order to claim his retirement, he paid back the Special Separation Benefit he received and retired in November of 2019.

On June 10, 2020, Ms. Early filed a Petition for Judicial Partition of Community Property listing her former husband's retirement pay as the only asset of the community. Mr. Early responded with an exception of no right of action, alleging there was no community property to be partitioned. On October 12, 2020, the trial court granted the exception and dismissed the suit.

III.

**STANDARD OF REVIEW**

The sufficiency of a petition subject to an exception of no right of action is a question of law, and a *de novo* standard is applied to the review of legal questions. The appellate court must render a judgment based on the record without deference to the legal conclusions of the lower courts. *Emigh v. West Calcasieu Cameron Hosp.*, 13-2985, p. 4 (La. 7/1/14), 145 So.3d 369, 372. A plaintiff must have a real and actual interest in the claim asserted. La.CodeCiv.P. art. 681. Whether or not the plaintiff has such interest in the subject matter of the claim can be challenged by raising an exception of no right of action. *Hood v. Cotter*, 08–215, 08-237 (La. 12/2/08), 5 So.3d 819. "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Id.* at 829.

2

## IV.

## <u>LAW AND DISCUSSION</u>

La.CodeCiv.P. art. 681 says an action can only be brought by a person having a real and actual interest which he asserts. An exception of no right of action functions to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Mississippi Land Co. v. S & A Props. II, Inc.,* 01–1623 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200. Since the ultimate result sought by this exception is to terminate the suit, this court is to deny the exception if it can reasonably "construe [the] pleadings in a way that enables them to 'afford litigants their day in court, to arrive at the truth, and to do substantial justice.' . . . so as to afford the litigant an opportunity to present his evidence." *Goulas v. Denbury Mgmt, Inc.,* 00–935 pp. 4–5 (La.App. 3 Cir. 12/6/00), 774 So.2d 346, 349(quoting *Kuebler v. Martin*, 578 So.2d 113 (La.1991)).

At the hearing on this motion and in his brief before this Court, Mr. Early's argument focuses on whether the retirement benefit is separate or community property. This is a question of fact, and as will be discussed more below, it is not a question to be determined on an exception of no right of action. To prevail on the peremptory exception of no right of action, the defendant bears the burden of showing that the plaintiff either does not have an interest in the subject matter of the suit or the legal capacity to proceed with the suit. *Moyers v. Altmann*, 594 So.2d 6 (La.App. 3 Cir. 1992). However, the defendant may present evidence to show that the plaintiff does not have a right of action. *Arcadian Corp. v. Olin Corp.*, 97–174 (La.App. 3 Cir. 6/18/97), 698 So.2d 9. Evidence is admissible at the hearing of the exception to support or controvert the exception and if the objections pleaded on the

grounds therefore do not appear from the petition. Indus. Companies, Inc. v. Durbin, 02-0665 (La. 1/28/03); 837 So.2d 1207. This court must determine if Ms. Early is in the class of persons who have a legal interest in bringing the suit.

On June 10, 2020, Ms. Early filed a Petition for Judicial Partition of Community Property. She also filed a detailed descriptive list in which she listed her former husband's retirement benefits as the only asset of the community. The Court should focus on whether the plaintiff has a right to bring the suit but also assume that the petition states a valid cause of action for some person. *State, by & through Caldwell v. Astra Zeneca AB,* 2016-1073 (La.App. 1 Cir. 4/11/18); 249 So.3d 38, writ denied, 2018-00766 (La. 9/21/18); 252 So.3d 899, and writs denied sub nom. Louisiana jurisprudence has shown that a former spouse does have an interest in the retirement benefits of their former spouse. In *Sims v. Sims*, 358 So.2d 919 (La.1978), the supreme court found that a party has an interest in a former spouse's pension funds or rights when they become payable to or for the former spouse, in the proportion that they are attributable to the former spouse's employment during the community. Mr. Early's retirement benefits did not become available until 2019. In her petition, and her brief before this court, Ms. Early argues there was no litigation over whether the amounts agreed upon in the community settlement agreement were ever paid and no judgment dividing the community was ever rendered. Therefore, the petition alleges that she has an interest due to the Special Separation Benefits he earned during their marriage that was used to pay into his 2019 retirement benefits. This court, accepting the facts in the pleadings as true, determines that Ms. Early, as a former spouse, is clearly in the class of persons to whom the law grants the cause of action asserted in the suit.

In her second assignment of error, Ms. Early ask this court to determine whether the retirement is separate property. For all the reasons stated above, this issue is now moot. Determinations of what is community versus what is separate property are findings of fact. *Biondo v. Biondo*, 99–890 (La.App. 1 Cir. 7/31/00), 769 So.2d 94. Because this court must accept all findings of fact as true in determining whether there is a right of action, the fact finding is to be determined on the merits. Therefore, the determination of whether the retirement pay is separate or community property is reserved for the trial court to determine at a trial on the merits.

V.

**CONCLUSION**

For the foregoing reasons, we reverse the trial court judgment, overrule the exception of no right of action, and remand this matter for further proceedings on the merits. Each party is to pay its own costs on appeal.

**REVERSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.